UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS U. LOBOS,<br><br>            Petitioner,<br><br>     v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES,<br><br>            Respondent. | Case No. CV 12-8461-SVW (OP)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |

**I.**

**INTRODUCTION**

On September 18, 2012, Carlos U. Lobos ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  (ECF No. 1.)

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has used the signature date on the Petition as the constructive filing date since the signature date is the earliest date on which Petitioner could have turned

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal as untimely.

## II.

## **PROCEDURAL HISTORY**

On June 19, 2008, after entering a no contest plea in the Los Angeles County Superior Court, case number BA329478, Petitioner was convicted of assault with intent to commit rape (Cal. Penal Code § 220(a)). On the same date, Petitioner was sentenced to a six year state prison term (suspended), five years probation, and was order to register as a sex offender. (Pet. at 1, Ex. A.)

Petitioner did not file an appeal in the California Court of Appeal and did not file a petition for review in the California Supreme Court. (Id.; Official Records of California Courts.[2])

On February 26, 2012, Petitioner constructively filed a habeas corpus petition in the Los Angeles County Superior Court. On March 2, 2012, the superior court denied the petition. (Pet. at 4, Ex. C.)

On April 9, 2012, Petitioner filed a habeas corpus petition in the California Court of Appeal, case number B240282. On April 19, 2012, the court of appeal denied the petition. (Pet. at 4; Official Records of California Courts.)

---

the Petition over to the prison authorities for mailing.

[2] An examination of the California Courts' website did not reveal the filing of a petition for review in the California Supreme Court. The Court takes judicial notice of the state court records which are available on the Internet at http://appellatecases. courtinfo.ca.gov. See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1     On June 7, 2012, Petitioner filed a habeas corpus petition in the California Supreme Court, case number S203147. On August 29, 2012, the supreme court denied the petition with citation to People v. Villa, 45 Cal. 4th 1063 (2009). (Pet. at 4, Ex. E; Official Records of California Courts.)

   For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

## III.
## DISCUSSION

**A.   Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

**B.   The Petition Was Not Filed Within the Limitation Period.**

The current Petition is subject to the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, on June 19, 2008, Petitioner was convicted of assault with intent to commit rape (Cal. Penal Code § 220(a)) and sentenced to a six year state prison term (suspended), five years probation, and was order to register as a sex offender. (Pet. at 1, Ex. A.) Petitioner did not file an appeal in the California Court of Appeal and did not file a petition for review in the California Supreme Court. (Id.; Official Records of California Courts.) As a result, Petitioner's conviction thereafter became final on August 18, 2008, sixty days after his sentencing. See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1). Petitioner had until August 18, 2009, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not constructively file the current Petition until September 18, 2012, over three years after the limitation period expired. Thus, absent applicable statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the current Petition appears to be untimely.

C.   **Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

4

1  any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

2    The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Saffold, 536 U.S. at 222-23).[4]

  As set forth above, Petitioner's limitation period ended on August 18, 2009. Petitioner did not constructively file his first state habeas petition in the Los Angeles County Superior Court until February 26, 2012. (Pet. at 4, Ex. C.) Petitioner is not entitled to statutory tolling for the time period this petition was pending pursuant to 28 U.S.C. § 2244(d)(2). Section 2244(d) does not permit the

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Chavis, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

5

reinitiation of the AEDPA limitations period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled to statutory tolling for the time periods his two remaining habeas petitions were pending in the California Court of Appeal and the California Supreme Court. (Official Records of California Courts.) Thus, the Petition clearly appears to be untimely.

**D.      Equitable Tolling.**

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling

determinations "turn[ ] on an examination of detailed facts").

Petitioner raises two claims for habeas corpus relief, i.e., ineffective assistance of trial counsel for advising him to plead no contest without being informed of the immigration consequences and the existence of exculpatory evidence. (Pet. at 2, 5-6, Ex. G.) The exculpatory evidence Petitioner relies upon is a report by Ramond E. Anderson, Ph.D., in which he concludes that "[t]here was nothing in the findings that would be contrary to [Petitioner's] version of events." (Id. Ex G at 3.)

The Ninth Circuit recently determined that a credible showing of "actual innocence" under Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), excuses AEDPA's limitations period. Lee v. Lampert, 653 F.3d 929, 936 (9th Cir. 2011) (en banc). A petitioner who makes such a showing, by demonstrating that no reasonable juror would have found him guilty beyond a reasonable doubt, may have his otherwise time-barred claims heard on the merits. Id. (citing Schlup, 513 U.S. at 315-16).

In order to meet the Schlup standard, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" Id. at 937 (citing Schlup, 513 U.S. at 314-15). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 937-38 (citing Schlup, 513 U.S. at 316).

Schlup requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Lee, 653 F.3d at 937-38 (citing Schlup, 513 U.S. at 324). The habeas court then "consider[s] all the evidence, old and new, incriminating

1  and exculpatory," admissible at trial or not.  Id.  On this complete record, the
2  court makes a "probabilistic determination about what reasonable, properly
3  instructed jurors would do."  Id. (quoting Schlup, 513 U.S. at 329).

4       Petitioner relies exclusively on the report prepared by Dr. Anderson to
5  support his claim of actual innocence.  However, the report is not evidence
6  sufficient to establish that "no reasonable juror would have found him guilty
7  beyond a reasonable doubt" of the offense charged.  In fact, Dr. Anderson
8  acknowledges that the "determination of whether the victim's version or
9  [Petitioner's] version comes closer to the truth would obviously be reliant on a
10 finding of fact; not a finding of psychological functioning."  (Pet. Ex. G at 3.)
11 Dr. Anderson goes on to state as follows:

> In fact, [Petitioner] appears to fall well within the normal range with respect to his sexual and personal functioning.
>
> This class of sexually and personally normal accused offenders, however, is not comprised exclusively of examinees that are innocent of any charges made against them.  Categorization in the "normal" group, even well within the normal group, is not the same as asserting that a particular subject is, in fact, wrongfully accused.  He may, of course, be sexually abnormal and the particular diagnostic study has failed to detect it.  In the more likely event that he is normal in his sexual and personal functioning, he may still have engaged in behavior that is unusual and atypical for him.  The most exhaustive and revealing psychological examination can do no more that reveal what the examinee's typical behavior would most likely be in most situations, not what it could be under any circumstances.

Id.

      As acknowledged by Dr. Anderson, which of the conflicting version of

events is true is not dependent on a psychological evaluation, but a finding of fact. Further, whether Petitioner fits within the normal range of sexual and personal functioning does not establish that he was unjustly accused. Accordingly, the Court finds that Dr. Anderson's report is insufficient to establish that Petitioner is actually innocent of the offenses charged. Thus, Petitioner is not entitled to equitable tolling.

### E.     Alternate Start of the Statute of Limitations.

#### 1.     State-Created Impediment.

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. Petitioner has not set forth any facts showing that he is entitled to relief under this provision.

#### 2.     Newly Recognized Constitutional Right.

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner has not set forth any facts showing that he is entitled to relief under this provision.

#### 3.     Discovery of Factual Predicate.

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

1 diligence." 28 U.S.C. § 2244(d)(1)(D).

2     Petitioner contends that the factual predicate for his ineffective assistance
3 of counsel claim was not discovered until June 6, 2011, when he received his
4 original file from his attorney. (Pet. at 5, Ex. F.) As noted above, Petitioner pled
5 no contest and was sentenced on June 19, 2008, approximately three years before
6 receiving a copy of his file. Presumably, he could have requested a copy of his
7 case file from his attorney at any time. He fails to explain why he did not or
8 could not request a copy of his file while his case was pending or sooner than
9 three years later. Accordingly, the Court finds that Petitioner could have
10 discovered the factual predicate for his ineffective assistance of counsel claim
11 much sooner had he exercised due diligence. Thus, Petitioner has not established
12 that he is entitled to relief under this provision.

## V.

## **ORDER**

15     Based upon the foregoing, the Court finds that the face of the Petition
16 indicates that it is untimely. Accordingly, Petitioner is ordered to show cause
17 why the Petition should not be dismissed as untimely by filing a response within
18 thirty days of the date of this Order. In the response to this Order to Show Cause
19 ("OSC"), Petitioner shall make clear the dates on which any state habeas petition
20 was filed and shall, if possible, attach copies of any state petition (showing that it
21 was filed) and copies of the state court's decision addressing each petition. All
22 facts relied upon by Petitioner must be proved by testimony contained in a
23 declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in
24 properly authenticated documents. Petitioner must describe specifically the
25 nature and duration of any extraordinary circumstances and their consequences in
26 a declaration signed by him under penalty of perjury. Petitioner shall also
27 include with his response properly authenticated prison records or documents

10

1  which demonstrate any circumstance which Petitioner believes impeded his
2  ability to timely file the current Petition.
3        Failure to comply with these requirements may result in the dismissal of
4  this action for failure to prosecute and/or failure to comply with a court order.
5  Failure to remedy the deficiencies discussed may also result in a recommendation
6  that the action be dismissed.

8  **IT IS SO ORDERED.**

10  DATED: November 13, 2012

                                    _____
                                    HONORABLE OSWALD PARADA
                                    United States Magistrate Judge